# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PFIZER INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 11-269-UNA |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | **REDACTED -** |
| MYLAN PHARMACEUTICALS INC., | ) | **PUBLIC VERSION** |
| MATRIX LABORATORIES LIMITED, and | ) | |
| MYLAN INC., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S OPENING BRIEF IN SUPPORT OF ITS
## MOTION FOR A TEMPORARY RESTRAINING ORDER

**CONNOLLY BOVE LODGE & HUTZ LLP**
Rudolf E. Hutz (#484)
Jeffrey B. Bove (#998)
Christos T. Adamopoulos (#3922)
Daniel C. Mulveny (#3984)
Jeremy D. Anderson (#4515)
1007 North Orange Street
Wilmington, DE  19801
(302) 658-9141

*Attorneys for Plaintiff Pfizer Inc.*

**DATED:**   April 5, 2011

## TABLE OF CONTENTS

**PAGE**

I.     INTRODUCTION ........................................................................................... 1

II.    NATURE AND STAGE OF THE PROCEEDINGS ..................................... 2

III.   SUMMARY OF THE ARGUMENT ............................................................ 3

IV.   STATEMENT OF FACTS ............................................................................ 3

V.    ARGUMENT .................................................................................................. 9

      A.    Pfizer Is Likely To Succeed On The Merits ......................................... 9

      B.    Pfizer Faces Irreparable Harm If A TRO Is Not Granted. ................. 12

      C.    Mylan Will Not Suffer Irreparable Harm If A TRO Is Granted. ........ 16

      D.    ████████████████████████████ ..................... 17

      E.    This Court Has The Authority To Grant The Relief Requested .......... 18

      F.    ████████████████████████ .................................... 20

VI.   CONCLUSION ............................................................................................ 20

## TABLE OF AUTHORITIES

**CASES**

*Abbott Laboratories v. Sandoz, Inc.,*
  500 F. Supp. 2d 807 (N.D. Ill. 2007)..........................................................................15

*AstraZeneca LP v. Apotex, Inc.,*
  623 F. Supp. 2d 579 (D.N.J. 2009) ......................................................................13, 14

*Bennington Foods LLC v. St. Croix Rennaissance Group, LLP,*
  528 F.3d 176 (3d Cir. 2008) ........................................................................................9

*Bondcote Corp. v. Ayers,*
  No. 7:05CV00705, 2006 WL 938734 (W.D. Va. Apr. 11, 2006).................................17

*Chase Manhattan Bank v. Iridium Africa Corp.,*
  C.A. No. 00-564-JJF, 2004 WL 2491655 (D. Del. Oct. 29, 2004)................................9

*Coleman v. America Red Cross,*
  979 F.2d 1135 (6th Cir. 1992) ...................................................................................19

*County of York Employees Retirement Plan v. Merrill Lynch & Co.,*
  C.A. No. 4066-VCN, 2008 WL 4824053 (Del. Ch. Oct. 28, 2008) ..............................13

*Davis Int'l, LLC v. New Start Group Corp.,*
  C.A. No. 04-1482-GMS, 2009 WL 1321900 (D. Del. May 13, 2009) ...........................18

*Dillman v. Chaffinch,*
  No. 02-509-KAJ, 2003 WL 22415874, (D. Del. Oct. 2, 2003) ....................................12

*E.I. du Pont de Nemours and Co. v. Bayer CropScience L.P.,*
  958 A.2d 245 (Del. Ch. 2008).....................................................................................13

*Gildor v. Optical Solutions, Inc.,*
  C.A. No. 1416-N, 2006 WL 4782348 (Del. Ch. June 5, 2006) ....................................12

*Grosso Enterprises, Inc. v. Dominos Pizza LLC,*
  C.A. No. 11-1484, 2011 WL 816620 (E.D. Pa. Mar. 9, 2011)....................................17

*Grosso Enterprises, Inc. v. Dominos Pizza LLC, et al.,*
  C.A. No. 11-1484, 2011 WL 816620 (E.D. Pa. Mar. 9, 2011)....................................17

## TABLE OF AUTHORITIES

PAGE(S)

*Impax Labs. v. Aventis Pharms., Inc.,*
  235 F.Supp.2d 390 (D. Del. 2002) ............................................................... 18

*In re ANC Rental Corp.,*
  2002 WL 1058196 (D. Del. May 22, 2002) ................................................ 13

*In re Broadstripe, LLC,*
  C.A. No. 09-39-SLR, 2009 WL 774401 (D. Del. Mar. 26, 2009) .............. 9, 13

*In re Polaroid Corp.,*
  No. 02-1353 JJF, 2004 WL 253477 (D. Del. Feb. 9, 2004) ........................ 9

*In re the Columbia Gas Sys., Inc.,*
  1992 U.S. Dist. LEXIS 3253 (D. Del. Mar. 10, 1992) ................................ 10

*In re Warfarin Sodium Antitrust Litig.,*
  212 F.R.D. 231 (D. Del. 2002) .................................................................... 17

*Lineberger v. Welsh,*
  290 A.2d 847 (Del. Ch. 1972) ..................................................................... 12

*Lubrizol Corp. v. Exxon Corp.,*
  871 F.2d 1279 (5th Cir. 1989) .................................................................... 19

*Marker v. United States,*
  646 F. Supp. 433 (D. Del. 1986) ................................................................ 12

*Oaktree Capital Management, LLC v. Spectrasite Holdings, Inc.,*
  C.A. No. 02-548-JJF, 2002 WL 32173072 (D. Del. June 25, 2002) ........... 9

*Playboy Entertainment Group, Inc., v. U.S.,*
  918 F. Supp. 813 (D. Del. 1996) ................................................................ 9

*Precision Instrument Mfg. Co. v. Automotive Maint. Mach. Co.,*
  324 U.S. 806 (1945) .................................................................................... 18

*Research Foundation of the State University of New York v. Mylan
  Pharmaceuticals Inc.,*
  773 F. Supp. 2d 638 (D. Del. 2010) ........................................................... 15, 18

*Sanofi-Synthelabo v. Apotex Inc.,*
  488 F. Supp. 2d 317 (S.D.N.Y. 2006),
  *aff'd,* 470 F.3d 1368 (Fed. Cir. 2006) ....................................................... 15

# TABLE OF AUTHORITIES

**PAGE(S)**

*Saturn of Denville, New Jersey, LP v. General Motors Corp.*,
   C.A. No. 08-5734 (DMC), 2009 WL 1545559 (D.N.J. May 29, 2009)...........................14

*Smith Int'l, Inc. v. Hughes Tools Co.*,
   718 F.2d 1573 (Fed. Cir. 1983)..................................................................................18

*Sperry Rand Corp. v. Rothlein*,
   288 F.2d 245 (2d Cir. 1961) ......................................................................................19

*Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*,
   222 F.3d 132 (3d Cir. 2000) ......................................................................................14

*Tri-State Generation and Transmission Ass'n, Inc. v. Shoshone River Power, Inc.*,
   805 F.2d 351 (10th Cir. 1986) ...................................................................................14

*Wallace Hardware Co., v. Abrams*,
   223 F.3d 382 (6th Cir. 2000) .....................................................................................17

*Wallace v. Powell*,
   2010 WL 2367672 (M.D. Pa. June 9, 2010).................................................................19

*Younis Bros. & Co., v. CIGNA Worldwide Ins. Co.*,
   167 F. Supp. 2d 743 (E.D. Pa. 2001).........................................................................18

## STATUTES

21 C.F.R. § 314.107(b)(3)(i)(A) .........................................................................................4

21 U.S.C. § 355(j)(5)(B)(iii) ..............................................................................................4

21 U.S.C. § 355a...............................................................................................................3

Fed. R. Civ. P. 65...............................................................................................................9

## OTHER AUTHORITIES

Donald J. Wolfe, Jr. & Michael A. Pittenger, CORPORATE AND COMMERCIAL
   PRACTICE IN THE DELAWARE COURT OF CHANCERY § 12-3 (2005) ................................12

Posner, THE ECONOMIC ANALYSIS OF LAW, Posner (1992) ......................................................17

## I.    INTRODUCTION

This is an action for 



A TRO is therefore absolutely necessary to ███████████████████████ and to protect the company from incalculable damage.  For these reasons, and the reasons set forth herein, Pfizer respectfully requests that the Court grant its Motion for a Temporary Restraining Order.

## II.    NATURE AND STAGE OF THE PROCEEDINGS

On March 30, 2011, Pfizer filed a Verified Amended Complaint in the Delaware Court of Chancery, along with a Motion for a Temporary Restraining Order and a Motion to Expedite.

The case was assigned C.A. No. 6326 (Del. Ch.).  It was assigned to Vice Chancellor Parsons, whose chambers offered plaintiff's counsel a TRO hearing on April 11, 2011.  At 4:25 P.M. that day, Mylan filed a Notice of Removal, removing the action to this Court.

## III.   SUMMARY OF THE ARGUMENT

Pfizer is entitled to a temporary restraining order because: ███████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████

## IV.   STATEMENT OF FACTS

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████n

██████████████████[4]

████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████

█ █ ████████████████████████████████████████████████

████████████████████████████████

---

[4]      "Myers Aff." refers to the Affidavit of Jeffrey N. Myers, Vice President and Assistant General Counsel, which is submitted herewith.











## V.   ARGUMENT

Federal courts have general equitable powers to enter temporary restraining orders. Fed. R. Civ. P. 65. When considering a motion for temporary restraining order, the court considers the following factors: "(1) the likelihood that the applicant will prevail on the merits; (2) the extent of irreparable injury to the applicant as a result of the conduct complained of; (3) the extent of irreparable harm to the defendant if temporary injunctive relief is granted; and (4) the public interest." *Chase Manhattan Bank v. Iridium Africa Corp.*, C.A. No. 00-564-JJF, 2004 WL 2491655, at *1 (D. Del. Oct. 29, 2004) (granting temporary restraining order). *See also Oaktree Capital Management, LLC v. Spectrasite Holdings, Inc.*, C.A. No. 02-548-JJF, 2002 WL 32173072, at *2 (D. Del. June 25, 2002); *Playboy Entertainment Group, Inc., v. United States*, 918 F. Supp. 813, 820 (D. Del. 1996). The fact that certain aspects of the requested relief arguably are mandatory in nature does not measurably alter the applicable standard.[11]

As set forth below, each of the four factors weighs in favor of granting Pfizer's request for temporary injunctive relief.

### A.   Pfizer Is Likely To Succeed On The Merits.

There is no question that Pfizer is likely to succeed on the merits. "Likelihood of success on the merits means that a movant has a 'substantial case.'" *In re Polaroid Corp.*, No. 02-1353 JJF, 2004 WL 253477, at *1 (D. Del. Feb. 9, 2004) (quoting *In re the Columbia Gas Sys., Inc.*,

---

[11]   *See, e.g., In re Broadstripe, LLC*, C.A. No. 09-39-SLR, 2009 WL 774401, at *4, 4 n.7 (D. Del. Mar. 26, 2009) ("With respect to the mandatory injunction, for it to be proper, [movant] must demonstrate (1) the reasonable probability of eventual success in the litigation and (2) that the movant will be irreparably injured pendent lite if relief is not granted. Moreover, while the burden rests upon the movant to make these two requisite showings, the ... court should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest." *See also Bennington Foods LLC v. St. Croix Rennaissance Group, LLP*, 528 F.3d 176, 179 (3d Cir. 2008).

1992 U.S. Dist. LEXIS 3253, at *4 (D. Del. Mar. 10, 1992)).  Pfizer's case on the merits clearly meets this standard.





---

[13] Letter to Honorable Leonard P. Stark from Neal C. Belgam, Esq. (D.I. #7), at p.1.
[14] Letter to Honorable Leonard P. Stark from Neal C. Belgam, Esq. (D.I. #7), at p.2.



**B.      Pfizer Faces Irreparable Harm If A TRO Is Not Granted.**



The immense damage that would result from this clearly constitutes irreparable harm. In general, irreparable harm is demonstrated by "a clear showing of immediate irreparable injury, or a presently existing actual threat." *In re Broadstripe, LLC*, 2009 WL 774401, at *4 (citations omitted). While there is no specific formula for a finding of irreparable harm, and the contexts in which it has been found vary, courts have recognized several guiding principles that apply directly to the instant matter. Courts have held that "[w]here a business is threatened with serious financial harm... as a result of a competitor's actions, irreparable harm may be present." *In re ANC Rental Corp.*, 2002 WL 1058196, at *2 (D. Del. May 22, 2002) (citations omitted). Moreover, courts have frequently observed that where the threatened harm is immense, difficult to calculate, or unlikely to be collectible through a money judgment, it is irreparable and injunctive relief is warranted. *See, e.g.,* █████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████; *County of York Employees Retirement Plan v. Merrill Lynch & Co.,* C.A. No. 4066-VCN, 2008 WL 4824053, at *8 (Del. Ch. Oct. 28, 2008) (irreparable harm sufficiently shown "where, as here, damages that may be available are difficult to calculate and other

13

uncertainties, such as collectability, exist"); *Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132, 141 (3d Cir. 2000) (harm is irreparable where, even if quantifiable, "ultimate recovery is rendered unlikely") (citations omitted).[16]

Applied to this case, these principles militate strongly in support of irreparable harm. The damage Pfizer faces is immense and difficult to calculate. ████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████ ███████████████████████ ████████████████████████████████████████████████████████████

████████████████ Pfizer could never be made whole; an award would be uncollectible.

Several favorable cases are closely analogous to the action at bar. ████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████

---

[16] *See also Tri-State Generation and Transmission Ass'n, Inc. v. Shoshone River Power, Inc.*, 805 F.2d 351, 355 (10th Cir. 1986) (finding that irreparable harm may result from the inability to collect full monetary damages award from the defendant); *Saturn of Denville, New Jersey, LP v. General Motors Corp.*, C.A. No. 08-5734 (DMC), 2009 WL 1545559, at *7 (D.N.J. May 29, 2009) ("forcing Plaintiffs to wait for a money judgment when it appears unlikely that they will be able to collect, could also subject Plaintiffs to irreparable harm").

███████████████████████████████████████████████████████

████████████████████████████████████████

Other recent cases analyzing irreparable harm in the instant context – ████████████████

███████████████████████████████████████████████████████

███████         ███████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████████████████████         █████████

███████████████████████████████████████████████████████

█████████████████████████████████████████████         ██

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████████████

The same considerations apply equally to this case, and strongly support a finding of irreparable harm. ████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████ These facts further support the irreparable nature of the harm Pfizer is facing, and critical need for expedited injunctive relief to preserve Pfizer's rights, rather than an after-the-fact, unquantifiable, and uncollectible monetary award.

██████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████

**C.      Mylan Will Not Suffer Irreparable Harm If A TRO Is Granted.**

As for Mylan, it clearly will *not* suffer irreparable harm from the granting of TRO. ▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮

There would be no "irreparable harm" to Mylan under these circumstances. ▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮      Clearly, Mylan suffers nothing that approaches "irreparable harm," and certainly nothing compared to the harm Pfizer faces.  Indeed, when one compares the overwhelming injury facing Pfizer to the minor inconvenience a TRO would impose on Mylan, the disparity is striking (to say the least) and weighs heavily in favor of equitable relief.

Further, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**D.     The Public Interest Strongly Favors** 



**E.     This Court Has The Authority To Grant The Relief Requested.**



Similar situations have arisen in the enforcement of protective orders. District courts may issue injunctions to enforce their protective orders,

The Court should issue such an injunction here. The same strong policy considerations that support emergency ██████████████████████████ also support the issuance of an effective injunction, ██████████████████████████ [18] *Cf., e.g., Younis*

---

[17] ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

[18]      Where judicial action affecting another litigation is appropriate, district courts fashion an appropriate injunction. *E.g.*, *Wallace v. Powell*, 2010 WL 2367672, at *4 (M.D. Pa. June 9, 2010) ("even after considering the principles of comity and federalism," court enjoins expungement of state court records where "necessary to protect the fairness and integrity of litigation before this Court").

19

*Bros.* at 746-47 (issuing injunction affecting foreign action based on policy concerns). ████████

████████████████████████████████████████████

████████████████████████████████████[19] Pfizer has no way to timely enforce its rights except through an injunction from this Court. The requested relief is justified to ensure that Pfizer's harm does not go without remedy. Finally, this Court has a strong interest in ensuring ████████████████████████████████████ ████████████████████████ Pfizer respectfully submits that this Court has the power to order the relief requested, and should exercise that power here.

      **F.** ████████████████████████████████



## VI.   CONCLUSION

For the foregoing reasons, Pfizer respectfully requests that this Court grant its Motion for a Temporary Restraining Order.

---

[19] ████████████████████████████████████████
████████████████████████████████████████████

Respectfully submitted,

**CONNOLLY BOVE LODGE & HUTZ LLP**

/s/ Jeffrey B. Bove
Rudolf E. Hutz (#484)
Jeffrey B. Bove (#998)
Christos T. Adamopoulos (#3922)
Daniel C. Mulveny (#3984)
Jeremy D. Anderson (#4515)
1007 North Orange Street
Wilmington, DE  19801
(302) 658-9141
*Attorneys for Plaintiff Pfizer Inc.*

**DATED:**   April 5, 2011
4268666_1

21

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2011, I electronically filed a true copy of the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to the following, and the document was also served by e-mail:

Neal C. Belgam
nbelgam@proctorheyman.com
Meghan A. Adams
madams@proctorheyman.com
PROCTER HEYMAN LLP
1116 N. West Street
Wilmington, DE 19801

Shannon M. Bloodworth
SBloodworth@perkinscoie.com
PERKINS COIE LLP
607 Fourteenth Street, N.W.
Washington, D.C. 20005-2003

David J. Harth
1 East Main Street, Suite 201
Madison, WI 53703


Dated: April 5, 2011

By: */s/ Christos T. Adamopoulos*
Christos T. Adamopoulos (#3922)
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
Wilmington, DE 19801
(302) 658-9141
Email: cadamopoulos@cblh.com

*Attorneys for Plaintiff Pfizer Inc.*


4268433_1.DOC