## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PFIZER INC. | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | C.A. No. 11-cv-269-LPS |
| | : | |
| MYLAN PHARMACEUTICALS INC. and, | : | **CONFIDENTIAL** |
| MATRIX LABORATORIES LIMITED, | : | |
| and MYLAN INC. | : | **FILED UNDER SEAL** |
| Defendants. | : | |

## ANSWER TO VERIFIED FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

Defendants Mylan Pharmaceuticals Inc., Matrix Laboratories Ltd., and Mylan Inc. (collectively, "Mylan"), by its undersigned attorneys, answer and respond to the Verified First Amended Complaint of Pfizer Inc. ("Pfizer"), as follows:

## NATURE OF THIS ACTION

1.  ████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
███████████████████████████

████████  ████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

---
<sup>1</sup> ████ ████ ██ █ █ █ ████ ██ ████████████
████████████





## PARTIES

8.    Plaintiff Pfizer Inc., is a global pharmaceutical company, ranking first in sales in the world. In 2010, Pfizer reported revenues of $67.8 billion. Pfizer is a Delaware corporation, with its headquarters at 235 East 42nd Street, New York, New York.

**ANSWER:**    Mylan admits to the best of its knowledge and information that Pfizer is a Delaware corporation, having its principal place of business at 235 East 42nd Street, New York, New York.  Mylan is without sufficient knowledge and information to form a belief as to the remaining allegations set forth in paragraph 8 and, therefore, denies those allegations.

9.    Defendant Mylan, Inc., is a generic and specialty pharmaceuticals company.  In 2010, Mylan, Inc., claimed revenues of $5.093 billion.  Mylan, Inc. is a Pennsylvania corporation, with its headquarters at 1500 Corporate Drive, Cannonsburg [sic], Pennsylvania.

**ANSWER:**    Mylan Inc. admits that it is a generic and specialty pharmaceutical company, incorporated in Pennsylvania with its headquarters at 1500 Corporate Drive, Canonsburg, Pennsylvania.  Mylan denies the remaining allegations of paragraph 9.

10.    Defendant Mylan Pharmaceuticals Inc. is a subsidiary of Mylan, [sic] Inc.  Mylan Pharmaceuticals Inc. is [sic] West Virginia corporation, with its principal place of business at 781 Chestnut Ridge Road, Morgantown, West Virginia.

**ANSWER:**    Mylan Pharmaceuticals Inc. admits that it is a subsidiary of Mylan Inc., incorporated under the laws of the State of West Virginia with its principle place of business at 781 Chestnut Ridge Road, Morgantown, West Virginia.

11.    Defendant Matrix Laboratories Ltd. ("Matrix") is a producer of active pharmaceutical ingredients for generic drugs.  Matrix is headquartered in Secunderabad, India.  It was acquired by Mylan Inc. in 2007.

**ANSWER:**    Matrix Laboratories Ltd. admits that it is a producer of active pharmaceutical ingredients for generic drugs, which is headquartered in India.  Matrix states that Mylan Laboratories Inc. purchased 71.5% of Matrix's stock in 2007.  Mylan denies the remaining allegations of paragraph 11.

## JURISDICTION

12.    The United States District Court for the District of Delaware has subject matter jurisdiction over this matter where, as here, there is diversity of citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**ANSWER:**   The allegations set forth in paragraph 12 state a legal conclusion for which no answer is required.  To the extent an answer is deemed required, Mylan admits, for the purposes of this lawsuit only, that subject matter jurisdiction is proper with respect to the purported claims directed against Mylan as described herein.

13.    Personal jurisdiction is proper in this Court because ███████████████ ██████████████████████████████████████████████████ because Mylan has sufficient contacts with the State of Delaware to support the exercise of personal jurisdiction.

**ANSWER:**   The allegations set forth in paragraph 13 state a legal conclusion for which no answer is required.  To the extent an answer is deemed required, for the purposes of this lawsuit only, ██████████████████████████████████████████████████████ ████████████████████████████████████████████████ For purposes of this lawsuit only, Mylan admits the remaining allegations of paragraph 13.

14.    Venue is proper in this District pursuant to the provisions of Title 28, United States Code, Sections 1391(a), (c), and (d).

**ANSWER:**   The allegations set forth in paragraph 14 state a legal conclusion for which no answer is required.  To the extent an answer is deemed required, for the purposes of this lawsuit only Mylan admits that venue is proper under 28 U.S.C. §§ 1391 (a) and (c).





d judgments of validity and infringement in favor of Pfizer.[4]  Pfizer later entered into a



















**COUNT I**

37.    Pfizer reincorporates Paragraphs 1-36 as if fully set forth herein.

## COUNT II
### (Declaratory Judgment)

43.     Pfizer reincorporates Paragraphs 1-42 as if fully set forth herein.

███████  ████████████████████████████████████████████████████████

herein.

███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████

███████  ████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

███████████████

███████████████████████████████████████████████████████████████████

███████  ████████████████████████████████████

███████████████████████████████████████████████████

███████  ████████████████████████████████

                          ████████████████████

                          ████████████████████

██████████████████████████████████████████

                          ██████████████████████

████████████████████████████████████████████████

                          ████████████████████

██████████████████████████████████████████████████

█████████████



## COUNTERCLAIMS

For their counterclaims against Pfizer, Inc. ("Pfizer"), Mylan Pharmaceuticals Inc.,

Matrix Laboratories Ltd., and Mylan Inc. (collectively, "Mylan") state as follows:

### PARTIES

1.     Mylan Inc. is a corporation organized and existing under the laws of the

Commonwealth of Pennsylvania, having its principal place of business at 1500 Corporate Drive,

Canonsburg, Pennsylvania 15317.

2.     Mylan Pharmaceuticals Inc. is a corporation organized and existing under the

laws of the State of West Virginia, having its principal place of business at 781 Chestnut Ridge

Rd., Morgantown, West Virginia 26505.

3.     Matrix Laboratories Limited is a corporation operating and existing under the

laws of India with its principle place of business at 1-1-151/1, 4th Floor, Sai Ram Towers,

Alexander Road, Secunderbad – 500 003, India.

4.     Upon information and belief, Pfizer is a Delaware corporation, with its headquarters located at 235 East 42nd Street, New York, New York.

JURISDICTION AND VENUE

5.     The Court has jurisdiction over the subject matter of these counterclaims where, as here, there is diversity of citizenship and the amount in controversy exceeds $75,000 exclusive of interest and cost.

6.     This Court has jurisdiction over the subject matter of these counterclaims under 28. U.S.C. §§ 2201 and 2202.

7.     Venue is proper in this District under Title 28 United States Code, Sections 1391(a) and (c).

8.     This Court has personal jurisdiction over Pfizer because Pfizer has availed itself of the rights and privileges, and has subjected itself to the jurisdiction, of this forum by suing Mylan in this District, and/or because Pfizer conducts substantial business in this District. Additionally, this Court has personal jurisdiction over

.

FIRST COUNTERCLAIM –

9.     Mylan adopts by reference, repeats, and realleges its specific allegations and averments in the preceding paragraphs 1-8 as if fully set forth herein.  Mylan incorporates by reference its Answers to paragraphs 15-36 of Pfizer's *Verified First Amended Complaint*.

10.



**SECOND COUNTERCLAIM** – █████████████████

21.     Mylan adopts by reference, repeats, and realleges its specific allegations and averments in the preceding paragraphs 1-17 as if fully set forth herein.  Mylan incorporates by reference its Answers to paragraphs 15-36 of Pfizer's *Verified First Amended Complaint*.

**THIRD COUNTERCLAIM** – █████████████████████

## REQUEST FOR RELIEF

**WHEREFORE,** Mylan respectfully requests that this Court enter judgment:

a.



PROCTOR HEYMAN LLP

*/s/ Samuel T. Hirzel*
Neal C. Belgam (#2721)
nbelgam@proctorheyman.com
Samuel T. Hirzel (#4415)
shirzel@proctorheyman.com
Meghan A. Adams (#4981)
madams@proctorheyman.com
1116 West Street
Wilmington, DE 19801
(302) 472-7300
Attorneys for Defendants Mylan Pharmaceuticals
Inc., Matrix Laboratories Limited and Mylan Inc.

OF COUNSEL:

PERKINS COIE LLP

Shannon M. Bloodworth
SBloodworth@perkinscoie.com
700 13th Street
Washington, DC 20005-3960
(202) 654-6204

PERKINS COIE LLP

David J. Harth
DHarth@perkinscoie.com
1 East Main Street, Suite 201
Madison, WI 53703
(608) 663-7460

DATED:  April 14, 2011